*Anderson & Slate,* for plaintiff.

*R. B. Blackburn,* for defendant.

---

15229.   BATES *v.* MADISON COUNTY.

JENKINS, P. J.   1. "A county is not liable to suit for any cause of action unless made so by statute." Political Code (1910), § 384. It is the general rule that "a county, when exercising governmental functions and acting as an agency of the State, is not liable, in the absence of statutes imposing liability, for its failure to perform a duty or for its negligent performance of the duty, not even when the duty is imposed by statute; and there is no distinction in the application of this rule between the neglect to perform an act which ought to have been performed, and the

performance of the duty in a negligent manner." 15 C. J. 568, § 272; *Millwood* v. *DeKalb County*, 106 *Ga.* 743 (32 S. E. 577); *Mitchell County* v. *Dixon*, 20 *Ga. App.* 21 (92 S. E. 405).

2. "Private property shall not be taken or damaged for public purposes, without just and adequate compensation being first paid." Park's Code, § 6388. Accordingly, where the tortious acts of the officers, agents, and servants of a county amount to the taking or injury of private property directly for the public use, the county can be held liable to the extent of the injury sustained, not on the theory that the county is liable, as are other tort-feasors, for the negligent acts and conduct of its agents while acting within the scope of their authority, but for the reason that it cannot, either with or without the guise of contractual authority, appropriate or damage the property of another for its own benefit without just and adequate compensation being paid. *Terrell County* v. *York*, 127 *Ga.* 166 (56 S. E. 309); *Elbert County* v. *Brown*, 16 *Ga. App.* 834 (86 S. E. 651); *Rheberg* v. *Grady County*, 27 *Ga. App.* 578 (109 S. E. 542); 15 C. J. 571, note 82.

3. A tort is a legal wrong committed upon the person or property, independent of contract; it may, however, arise from "the violation of some private obligation by which damage accrues to the individual." Civil Code (1910), § 4403 (3). Thus, where the contractual relation of bailor and bailee exists between parties whereby a duty is imposed by law upon the bailee as being incident to and arising out of the contract of bailment, the complainant setting up a breach of the duty may elect as to his remedy and rely upon either his right under the contract or proceed for damages as in a case of tort. *Fain* v. *Wilkerson*, 22 *Ga. App.* 193 (2) (95 S. E. 752). A suit "should be treated as an action ex delicto, when it is manifest from the allegations and structure of the petition that the plaintiff is seeking a recovery because of the defendant's breach of duty, and not on account of its breach of contract." *Rushin* v. *Central of Ga. Ry. Co.*, 128 *Ga.* 726 (3) (58 S. E. 357); *Miller* v. *Ben H. Fletcher Co.*, 142 *Ga.* 668 (2) (83 S. E. 521). Accordingly, this suit must necessarily be treated as for a tort; and it must be so treated for the additional reason that the petition affirmatively shows that the contract of bailment alleged to have been made with the county was neither in writing nor recorded as required by statute in order to afford the basis of an action thereon. *James* v. *Douglas Co.*, 131 *Ga.* 270 (62 S. E. 185). But even were it to be treated as based not on the tort, but on the failure of the defendant to exercise ordinary diligence with respect to the care of plaintiff's property under the alleged contract of bailment, the county could not be held liable for the alleged negligent acts of its servants, unless the negligence amounted to damaging or appropriating the property for the benefit of the county. Since the alleged negligent injury to the car cannot be thus taken or construed, the verdict for the plaintiff was properly set aside.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED MAY 17, 1924.

Action for damages; from Madison superior court—Judge Hodges. November 20, 1923.

This was a suit for damage to an automobile which the plaintiff alleges was, by virtue of an oral understanding, hired to the county for the purpose of hauling its convicts, and which, according to the petition and the evidence, was damaged by fire on account of the negligence of one of the convicts, acting under orders of the county warden. The evidence does not show that the automobile was then being used for county purposes. The judge charged the jury that the county, as bailee, was chargeable with ordinary diligence in protecting and keeping safely the property bailed. The jury found for the plaintiff $75. Exception was taken to the grant of a new trial. The judge's order granting a new trial was as follows: "After giving the entire record in said case and the briefs of argument of counsel mature consideration, the motion filed is granted, on the sole ground that the verdict is contrary to law. A county is not liable for suit unless expressly authorized or by implication. Civil Code, §§ 383, 384, and citations thereunder [in Park's Code]. A county is not liable in damages for tortious acts of its officers and servants which are not proximately connected with the work incident to the making of public improvements. 72 *Ga.* 188; 106 *Ga.* 743; 127 *Ga.* 166; 111 *Ga.* 314. In legal contemplation it cannot be said that the destruction of the car was proximately connected with the work incident to the making of public improvements. In the cases cited by respondent's counsel, to wit: 85 *Ga.* 420 (2); 109 *Ga.* 388; 16 *Ga. App.* 834, it will be observed that the property in question was taken or damaged for public use. These decisions are doubtless based upon the constitutional inhibition that 'Private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid.' Civil Code, § 5024. Whereupon it is ordered and adjudged that a new trial be and the same is hereby granted in said case, solely upon the ground that the verdict rendered is contrary to law."

*R. Howard Gordon,* for plaintiff.

*Berry T. Moseley,* for defendant.