*Parks, Garrett & McDonald, R. G. Dickerson,* for defendant.

25378. SIMMONS *et al. v.* MAY.

DECIDED JUNE 9, 1936.

*Ellis B. Barrett, A. Walton Nall,* for plaintiffs in error.

*John M. Slaton, James J. Slaton,* contra.

SUTTON, J. Mrs. Mathilde B. May brought suit against W. L. Simmons and Mrs. W. L. Simmons, in which she made this case: The defendants have damaged the plaintiff in the sum of $750. On March 1, 1929, plaintiff loaned to Mrs. Simmons $2250, and received her note of even date, maturing in five years, to secure the payment of which she executed to plaintiff her deed conveying certain premises, 955 Deckner Avenue, Atlanta, which deed contained a provision whereby the grantor was to pay all taxes against the property. The defendants were acquainted with such provision in the deed, and knew that Mrs. Simmons was obligated to pay the taxes on the property. On June 4, 1935, Mrs. Simmons was indebted to plaintiff on the note for $2250 principal, with interest, and the security deed was in force and effect. W. L. Simmons for himself or as agent for his wife, returned this property for 1934 taxes to the City of Atlanta in his own name, and Mrs. Simmons did not return the same. The defendants failed to pay the taxes, and on June 4, 1935, said city sold said premises for non-

payment of these taxes, and the same was bid in by Elyea Inc., for $606.23, and a tax deed conveying said premises was executed by the city to the purchaser, it paying to the city said sum, which was $550 in excess of the amount due the city as 1934 taxes, interest, and all costs. On June 18, 1935, W. L. Simmons, acting for himself or on behalf of Mrs. Simmons, procured from the city this excess, and appropriated and converted it to his own use and benefit, and to the use and benefit of Mrs. Simmons. The defendants jointly participated in the appropriation of this money with full knowledge of the facts herein alleged, and Mrs. Simmons consented to and ratified the appropriation of this money for their use and benefit. The market value of this property on June 4, 1935, and thereafter, was and is $1900, being less than the amount due by Mrs. Simmons to plaintiff. The defendants lived on said premises. On June 18, 1935, they knew that they could not and would not pay the plaintiff the amount due her, and knew that "equitably" this $550 excess belonged to plaintiff, and when defendants secured possession thereof they "were trustees ex maleficio" for plaintiff. The appropriation of this money by defendants to their own use and benefit was a fraudulent conversion of property belonging "equitably" to plaintiff. The plaintiff prayed for judgment for $550, "with interest at 7 per cent. per annum from June 18, 1935, to wit $750." The defendants filed their separate demurrers on general and special grounds. The judge overruled these demurrers, and the defendants excepted.

1. When property is sold under a fi. fa. for taxes, and there is any excess after paying taxes, costs, and all expenses of the sale, it shall be immediately paid to the person authorized to receive it. Code of 1933, § 92-8106.

2. Fraud by one, accompanied with damage to the party defrauded, in all cases gives a right of action. Code, § 105-301. Private duties may arise or flow from relations created by express contract. The violation of any such specific duty accompanied with damage, gives a right of action. § 105-104. The violation of some private obligation, independent of contract, by which damage accrues to the individual, is a tort for which an action lies. § 105-101. The tort is dependent on the contract only to the extent necessary to raise the duty. *Wolff* v. *Southern Ry. Co.,* 130 *Ga.* 251, 257 (60 S. E. 569) ; *Louisville &c. R. Co.* v. *Spinks,*

104 *Ga.* 692, 695 (30 S. E. 968); *Owens* v. *Nichols,* 139 *Ga.* 476 (77 S. E. 635). A suit will be treated as a tort action where the recovery is placed on a breach of duty and not on a contract. *Bates* v. *Madison County,* 32 *Ga. App.* 370 (123 S. E. 158).

3. Where one who creates a lien upon his property as security for debt thereafter permits the same to sell for delinquent taxes accruing after the creation of the lien, by which sale the security is lost to the lienee, the lienee is entitled to any excess remaining in the hands of the tax authorities, after payment of the taxes, costs and expenses of sale (61 C. J. 1213; McDuffee v. Collins, 117 Ala. 487, 23 So. 45; Worcester v. Boston, 179 Mass. 41, 60 N. E. 410; Sutherland v. Brooklyn, 156 N. Y. 605, 51 N. E. 433; Brockway v. Humphrey, 4 Neb. (Unof.) 403, 94 N. W. 625); and as against the lienee the lienor has no right to this excess, even were the security returned for taxation and assessed in the name of the lienor by reason of a statute directing the excess from any tax sale to be "paid to the person authorized to receive the same." Particularly is this true where the lienor has contracted to keep the taxes on the property paid. The fact that the property was improperly returned for taxation in the name of the husband of the lienor and the tax assessed against it in his name, would not render the husband the "person authorized to receive" such excess from the tax sale.

4. The petition set up a cause of action against the defendants. It was the duty of the defendants to preserve and protect the premises conveyed to plaintiff to secure her debt, and not to suffer the same to be sold for taxes. The plaintiff lost the security for the money owing to her by the defendant wife, which was past due, as a result of the wrongful acts of the defendants in returning the property for taxation in the husband's name, in failing to pay the taxes, in allowing the property to sell for taxes, and in taking charge of the proceeds of the sale over and above the amount required for taxes and costs, and converting the same to their own use. Until the payment of the debt the legal title to the property was in the plaintiff, and this money represented what remained of plaintiff's security and belonged to her after the tax sale. Under the facts of this case it was not necessary that plaintiff first endeavor to collect the amount of the debt represented by the note out of the wife by an action thereon, or to allege that she paid any

sum to redeem the property from the tax lien or from the sale. It does not appear from the petition that the tax sale was void. The petition alleges actual knowledge and full participation by the wife in all of the acts of the husband, and that she consented to and ratified the appropriation of this excess to their use and benefit. In such a case the tax sale was not necessarily void because the husband returned the property for taxes and the execution issued against him. *Nelson* v. *Brown,* 174 *Ga.* 150 (162 S. E. 276). The petition was not subject to the demurrers, and the judge did not err in overruling them.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*