38410.   LEE STREET AUTO SALES, INC. v. WARREN.

DECIDED SEPTEMBER 8, 1960.

*Smith, Swift, Currie, McGhee & Hancock, James B. Hiers, Jr.,* for plaintiff in error.

*Candler, Cox, McClain & Andrews, Edward Andrews, John Boling,* contra.

BELL, Judge. ■ The plaintiff in error charges that the petition as amended does not set forth a cause of action against the defendant below.

We do not agree with this contention.

The petition embraces all of the elements necessary to the maintenance of a cause of action based upon negligence. These elements, four in number, are: (1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty. Cf. Prosser on Torts, 2d Ed. § 35.

Based on the allegations of the petition, the facts, if proven, would warrant a jury's determination of liability for the resulting injury. While some of the allegations of negligence might have been properly attacked by special demurrer, they were not, and there are alleged acts of negligence which are sufficient to enable the petition to set forth a cause of action. The trial judge did not err in overruling the general demurrer.

■ We consider now the additional special demurrers filed after the petition was amended in its entirety.

Special demurrer number 3 charges that the plaintiff should have set forth in his petition the exact location in the lot of the automobile at which the plaintiff was looking when he was struck by another automobile in the defendant's lot. Special demurrer number 4 asks for considerable details as to where the automobile which rolled and struck the plaintiff was parked, how long it had been on the lot, who owned it, etc., and so on. Special demurrer number 5 asks for further information about the automobile which rolled. Special demurrers numbered 9, 10, 11, 12, 13, 14, 15, 16, 17, and 18 charged vagueness and indefiniteness in failing to specify which of the defendant's servants, agents,

or employees should have exercised various acts alleged necessary to constitute the ordinary care with which the defendant is charged as not having exercised. All of these special demurrers, we feel, were properly overruled for the reason that the information which the defendant sought to elicit by these attacks on the petition is much more readily available to the defendant, which had placed the cars on the lot for sale, than to the plaintiff, who was on the lot to examine the cars as a prospective purchaser. In *Steed v. Harris*, 52 Ga. App. 581(1) (183 S. E. 847), it is stated: "The office of a special demurrer to a petition is to cause the plaintiff to inform the defendant fully of the facts relied on by the plaintiff to make out his cause of action, so that the defendant may be able to prepare his defense to the suit. *Kemp v. Central Ry. Co.*, 122 Ga. 559, 562 (50 S. E. 465); *R. & D. R. Co. v. Mitchell*, 95 Ga. 78, 85 (22 S. E. 124). *However, where the information called for by a special demurrer is within the defendant's knowledge, the overruling of the demurrer is not harmful error, since the defendant is not thereby hindered from preparing his defenses.* See *Cherokee Mills v. Gate City Mills*, 122 Ga. 268(2), 272 (50 S. E. 82); *Miller v. Southern Ry. Co.*, 21 Ga. App. 367(1) (94 S. E. 619." (Emphasis added.)

Furthermore, we will not hold, as a matter of law, that a prospective purchaser, when he enters on the lot of a used car dealer, enters at his peril and is required to be on constant guard against runaway automobiles over which he has no control.

Sufficiently detailed information is given when it is alleged that the plaintiff, while standing in front of an automobile watching and listening to the operation of its motor in order to determine its condition, was struck by another identified car on the lot which suddenly and without warning approached from the rear of the plaintiff and hit and injured him. Under such a situation, the plaintiff cannot be required, by special demurrer, to furnish the needless information sought.

Special demurrer number 6 attacks paragraph 9 of the plaintiff's petition charging that it is vague and indefinite in failing to specify whether the automobile which rolled was placed in such a position that the placing of a curb block, chock or other

obstruction would have prevented it from rolling down the alleged incline, and that there was no duty upon the defendant to place a curb block, chock or other obstruction. Since the petition alleges that the motor vehicle which rolled and struck the plaintiff contained a defective parking brake, the demurrer was properly overruled, for the reason that if the vehicle did have a defective parking brake there would be a duty to place something under the wheels of the car to prevent it from responding to the force of gravity and running wild with no driver at its controls to curb it.

Special demurrer number 7 attacks paragraph 10 of the plaintiff's petition, charging that there is no duty on the defendant to erect a curb wall, terrace, or other obstruction on the used car lot of the defendant in order to protect customers from being struck by an automobile which might roll or be driven onto the lot. This special demurrer should have been sustained, for, under the allegations of the petition, there is no duty required of a proprietor of a used car parking lot to separate it, in any manner or means, by terraces, curb walls, or similar obstructions. While there is an obviously imposed duty to exercise ordinary care to prevent vehicles from rolling about on the lot and striking customers, there is no affirmative obligation thrust upon the operator to construct walls or terraces which would prevent runaway cars from moving from one part of the lot to another.

Special demurrer 19 was properly overruled by the trial court.

The special demurrers originally filed to the petition were renewed after the petition was amended in its entirety. But with respect to each of them, these renewed demurrers are controlled by any one or more of the three following principles: (1) They were not adapted to the petition as amended in its entirety and, therefore, are deemed abandoned; (2) the defects complained of were cured by the amending of the petition in its entirety; or (3) they are so similar to the additional demurrers reviewed in this opinion as to be controlled by the rulings expressed.

The judgment of the trial court overruling special demurrer number 7 is reversed. The judgment of the trial court overruling the general demurrer and the other special demurrers is affirmed.

*Judgment affirmed in part and reversed in part.   Felton, C. J., and Nichols, J., concur.*