### 41404. BARLOW v. LORD.

DEEN, Judge. 1. Where a parent has no special reason to anticipate that a child, either through known dangerous proclivities or because of its possession of dangerous instrumentalities, may inflict harm on the person or property of others, mere failure to supervise the child's play activities is not a failure to exercise ordinary care on the part of the parent so as to subject him to liability for an act not amounting to vandalism, which latter is a wilful, wanton, or intentional tort. *Matthews v. Johnson,* 100 Ga. App. 331 (111

SE2d 158); *Assurance Co. of America v. Bell,* 108 Ga. App. 766 (3) (134 SE2d 540).

2. It is well settled that a parent who allows a minor child to use his automobile for the latter's pleasure impliedly creates an agency relationship which renders the former liable for injury inflicted as a result of its negligent use. In *Griffin v. Russell,* 144 Ga. 275, 279 (87 SE 10, LRA 1916F 216, AC 1917D 994) this conclusion is based in part on the argument that it is the practice of parents to provide their children with amusements and recreations, and it is the business of parentage to supervise and control these pleasures. Where instrumentalities other than automobiles are involved, an equal agency relationship must appear (*Herrin v. Lamar,* 106 Ga. App. 91, 126 SE2d 454), or liability must be predicated on the original act of a parent in knowingly allowing a child the use of a potentially dangerous instrumentality under circumstances where, because of the child's age and inexperience or for some other reason, the parent in the exercise of ordinary care should have anticipated that harm would result. *Davis v. Gavalas,* 37 Ga. App. 242 (139 SE 577). Where a parent furnishes a young child with such an instrumentality in violation of law a particularly strong case is made out. *Milton Bradley Co. v. Cooper,* 79 Ga. App. 302 (53 SE2d 761, 11 ALR2d 1019); *Spires v. Goldberg,* 26 Ga. App. 530 (106 SE 585).

3. It is contrary to law to possess, except under special circumstances not applicable here, fireworks known as sparklers. *Code Ann.* §§ 92A-801, 92A-802. This petition seeking damages against the defendant by reason of the alleged acts of the latter in providing his 6½ year old son with sparklers as a result of which the plaintiff's barn was destroyed by fire alleges that the child purchased the sparklers with funds provided by the defendant and with his knowledge and consent, that "the defendant allowed the child to use the fireworks without supervision or control when he knew or should have known that the child was incapable of realizing the danger of causing a fire inherent in playing with said sparklers. . . . On the morning of November 8th, 1964, at approximately 11:00 o'clock a.m., the minor child of the defendant began playing with the fireworks in the barn located upon the property of the plaintiff . . . plaintiff had no knowledge that the said minor child had in his custody the said spark-

lers. While playing in the plaintiff's barn, the said minor child caused a fire to be ignited among dry hay stored therein. The fire among the dry and highly inflammable hay quickly spread throughout the whole of the barn and completely destroyed" it. He further alleges that "the loss he has suffered is chargeable to the defendant in that" defendant provided the child with dangerous and inflammable devices and permitted him to use them where he knew the plaintiff had highly inflammable hay stored, permitting their use by the child without proper supervision, and without having first complied with the law regarding the use of fireworks. The defendant contends that the petition is defective in that it fails to use the word "negligence," but it nevertheless, as against general demurrer, sets out the essentials listed in *Lee Street Auto Sales, Inc. v. Warren*, 102 Ga. App. 345 (1) (116 SE2d 243) as constituting a negligence action: a duty to conform to a given standard of conduct, a breach of that duty, a causal connection between the conduct and the resulting injury, and damage resulting therefrom to the plaintiff. As against general demurrer a suit will be treated as a tort action where the recovery is based on a breach of duty and not on a contract. *Bates v. Madison County*, 32 Ga. App. 370 (123 SE 158) ; *Simmons v. May*, 53 Ga. App. 454, 456 (186 SE 441). In the absence of an appropriate special demurrer, mere general allegations of the breach of such a duty are sufficient. *Atlanta, B. & A. R. Co. v. Whitehead*, 31 Ga. App. 89 (119 SE 539). The trial court specifically did not pass upon the special demurrers, some of which may be well taken, but as against general demurrer only the petition sets forth a cause of action in tort against this defendant. The trial court erred in dismissing the petition.

*Judgment reversed. Felton, C. J., and Jordan, J., concur.*

Argued July 8, 1965—Decided September 9, 1965—
Rehearing denied September 23, 1965.

*Peek, Carr, Whaley & Blackburn, Benj. B. Blackburn, III, W. Glenville Haldi,* for plaintiff in error.

*Smith, Ringel, Martin & Lowe, Sam F. Lowe, Jr.,* contra.