50148. MUNFORD, INC. v. LAY et al.
50149. METROPOLITAN BUREAU OF
INVESTIGATION, INC. v. LAY et al.

MARSHALL, Judge.

These cases came to this court on appeals by appellants in both cases as to the denial of motions for summary judgment by each appellant.

On December 9, 1970, at about 10 p.m., appellee, Joseph E. Lay, drove into the parking lot of the Majik Market store on Howell Mill Road in Atlanta, which store is owned and operated by appellant Munford. He parked his car near the front of the store and walked upon the entrance platform in front of the store toward the front door. As he approached the entrance, two men were engaged in carrying out an armed robbery in the store. One of the robbers, Joseph Warren Roland, demanded and received from the store clerk, John Quenneville, the cash in the register. After receiving the cash, Roland turned and began to leave the store, walking toward the front

door, at about the same time appellee was approaching from the outside. The second robber, who was in the rear of the store, also began to exit. As Roland walked along the front aisle toward the door that appellee was entering, James H. Rice, a stake-out guard, who was stationed behind a two-way mirror in the back of the store fired a shotgun blast in the general direction of Roland, without hitting him. Rice was stationed at the store by appellant Metropolitan, whom appellant Munford had theretofore employed to provide security services for this store. Both robbers encountered appellee, who was entering the store to make a purchase. Roland thought appellee had fired the shot at him and fired a shot at appellee as Roland exited the store. Appellee was hit in the stomach by a bullet from Roland's pistol, incurring a severe injury. Both robbers made good their escape, but were later apprehended and entered pleas of guilty.

Suit was filed by appellee Lay and by his wife against both appellants alleging negligence on the part of both appellants and further alleging that such negligence was the proximate cause of appellee's injury and damages.

Both appellants filed motions for summary judgment based on affidavits and depositions, basing their motions on the contention that appellee's injuries and damages were a result of an independent criminal act which intervened between any negligence of appellants and appellee's injuries. The trial court, after hearing oral argument, and after consideration of the pleadings and evidence attached to the motions, overruled the motions for summary judgment of both appellants. *Held:*

The appellants, in their enumeration of errors, contend that the trial court erred in construing Georgia law concerning the intervening criminal act of a third party and thereby erred in denying the two appellants' motions for summary judgment. The general rule in Georgia as to this issue is: " 'Generally, where there has intervened between the defendant's negligence and the injury an independent, illegal act of a third person producing the injury, and without which it would not have occurred, such independent criminal act should be treated as the proximate cause, insulating and excluding the negligence of the defendants. [Cits.]. However, the above

rule has been held inapplicable if the defendant (original wrong-doer) had reasonable grounds for apprehending that such criminal act would be committed. [Cits.]" *Warner v. Arnold* [133 Ga. App. 174 (210 SE2d 350)], at 176 (2)." *Smith v. General Apartment Co.,* 133 Ga. App. 927.

The Restatement of the Law of Torts 2d (1965) on this principle is as follows: "§ 448. Intentionally Tortious or Criminal Acts Done Under Opportunity Afforded by Actor's Negligence. The act of a third person in committing an intentional tort or crime is a superseding cause of harm to another resulting therefrom, although the actor's negligent conduct created a situation which afforded an opportunity to the third person to commit such a tort or crime, unless the actor at the time of his negligent conduct realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a tort or crime... § 449. Tortious or Criminal Acts the Probability of Which Makes Actor's Conduct Negligent. If the likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious, or criminal does not prevent the actor from being liable for harm caused thereby."

The portion of the general rule of Georgia stated previously, "If the defendant had reasonable grounds for apprehending that such . . . act would be committed," is equivalent to the phrase "if the criminal act was reasonably foreseeable," as used in *Standard Oil* Co. *v. Harris,* 120 Ga. App. 768, 774 (172 SE2d 344). The court there held in Division 5: "An event is not regarded as being foreseeable if it is one in the nature of an extraordinary coincidence, or a conjunction of circumstances, or which would not occur save under exceptional circumstances; if it is unusual and unlikely to happen, or if it is a rare event in experience, or if other and contingent experiences preponderate largely in causing the injurious effect." In the present case for the appellees to be authorized to recover, we would have to hold that the appellants had a duty: first, to anticipate that the robber

would rob the store; second, to anticipate that a customer would be approaching the store; third, to anticipate that the guard would fire a shotgun over the head of the robber; fourth, to anticipate that the robber would erroneously assume or conclude that the customer near the door, although unarmed and making no menacing gesture toward the robber, had fired the shot which had struck the glass above the robber's head; and fifth, to anticipate that the robber would shoot at the innocent customer entering the store. In our opinion, to foresee all of these contingencies exceeds the bounds of reasonable foreseeability. Therefore, we hold that the trial judge erred in overruling appellants' motions for summary judgment.

Despite the assistance of excellent briefs by counsel for both appellants and appellees, we have been unable to find any Georgia case directly in point with the facts of this case. However, in the case of Helms v. Harris, 281 SW2d 770, the Court of Civil Appeals of Texas confronted a similar factual situation. The defendant operator of a store attempted to wrest a revolver from a masked bandit, but failed. Subsequently, the bandit fired a shot at the checking stand behind which the defendant had dived. The bandit then ran toward the front door of the store and en route fired a second shot at the plaintiff customer who was running away from the bandit. The second shot struck the plaintiff in the hip and she sued for damages based on injuries resulting from this bandit's shot. The court held (p. 771): "[E]ven had the plaintiff been shot during the course of defendant's struggle with the bandit, she should not be permitted to recover damages from defendant. Acts of self-defense or in defense of one's property have always been in accord with the public policy of Texas, and those persons having sufficient courage to so act legally enjoy the privilege. It is only when acts in self-defense or in defense of one's property are committed under circumstances where the actor should realize that such acts create an unreasonable risk of causing harm to innocent third parties that such third parties may subject the actor to liability. Restatement of the Law of Torts, Chapter 4, 'Defenses of Persons, etc.' section 75, 'Ambit of Privilege.' "

Although there are factual differences in the Texas case and this case, there are marked similarities. Certainly, Georgia law recognizes the basic right to defend one's person and property and appellee does not question appellants' right to do so, only the manner in which the defense was performed. The final portion of the opinion of the Texas court (p. 773), is of particular relevance: "In either event, in the interest of society, the evidence in any similar case should be clear and convincing to the effect that such resistance to evil involved unreasonable risk of grave harm to innocent third persons before any such third person, injured in consequence of the resistance, should be permitted to maintain an action for damages. The defendant in the case before us was not shown to have anticipated that his resistance entailed an unreasonable risk of harm to the plaintiff nor that he should have done so. Indeed, it was not shown that risk to plaintiff of unreasonable degree was actually involved."

The deposition of the guard in this case, James Harvey Rice, who fired the shot reveals that no person was in or near his line of fire when he fired the shot. No other testimony in the record contradicts this fact. Certainly, paraphrasing the words of the Texas Chief Justice, the defendant's agent, the guard James Harvey Rice, was not shown to have anticipated that his act of firing a warning shot entailed an unreasonable risk of harm to the plaintiff (appellee) Lay nor that he should have anticipated an unreasonable risk.

The holding in this opinion would be quite different if the facts were such that the guard had fired at the robbers when customers were inside the store and in the line of fire between the guard and the robber. In such circumstances, certainly the defendant would have reasonable grounds for apprehending that a criminal act would be committed and that such criminal act could result in injury or death to a customer.

There are other considerations worthy of mention relative to the peculiar facts of this case and cases which may arise in the future similar to it. First, let it be said that we are not unmindful of the possible need for legislation to compensate innocent victims of crime, but,

this is a matter for the legislative branch of our government rather than a judicial action. Second, it should be pointed out that the proprietor of a retail business is not an insurer of the safety of his customers, though they are unquestionably invitees. Third, it should be mentioned that public policy should be considered in that an opposite holding in this case amounting to ruling that the proprietor is an insurer of the safety of his customers, no matter what intervening forces may have been in effect, would tend to stifle efforts on the part of proprietors of retail businesses and other types of business in cooperating with law enforcement officers in efforts to reduce crime by defending their places of business.

Counsel for appellees in a second supplemental brief emphasize the decisions of this court in *Smith v. General Apartment Co.,* supra, and *Warner v. Arnold,* supra. Both of these cases involve the landlord's duty to reasonably anticipate that the failure to provide adequate locks on doors to apartments would result in criminal act being committed against a tenant, resulting in the injury to the tenant. The key to the distinction between these two cases cited by appellees and the case sub judice is found in the last paragraph of the opinion in *Warner v. Arnold,* supra. "The immediacy of the connection between the inadequate (although functioning) lock, the landlord's notice of the inadequacy, either actual or constructive, and the burglary and arson, compels us to hold that the landlord is not insulated as a matter of law, and that the jury should properly pass on the questions . . ." In this case, the remote nature of the robber's erroneous conclusion to shoot at the innocent man puts this case in an entirely different category.

As indicated earlier in this opinion, all other cases cited by appellees can be distinguished in that although they adhere to the principle of the intervening tortious or criminal act of a third party, the ancillary requirement that the above rule is inapplicable if the defendant had reasonable grounds for apprehending such criminal act would be committed is not present in this case.

*Judgment reversed and remanded with direction to enter judgments for defendants in both cases. Bell, C. J., and Webb, J., concur.*

648

ARGUED FEBRUARY 3, 1975 — DECIDED APRIL 10, 1975 — REHEARING DENIED APRIL 28, 1975 — 

*Starkey, Benham & Mills, Tom Benham, Hatcher, Meyerson, Oxford & Irvin,* for Munford, Inc.

*Powell, Goldstein, Frazer & Murphy, Robert W. Patrick, Jr., Robert M. Travis,* for Metropolitan Bureau of Investigation, Inc.

*Gambrell & Mobley, Robert D. Feagin, Ross F. Bass, Jr.,* for appellees.