60515. RAZDAN et al. v. PARZEN et al.

POPE, Judge.

Appellant-tenants, Subash and Raj Razdan (Razdans), brought the instant action against the appellee-landlords, Rose Parzen and Renee Brown (Parzen and Brown). The complaint alleged that Parzen and Brown jointly owned an apartment complex in which the Razdans were tenants. The Razdans asserted a claim for damages based upon the contended negligence of Parzen and Brown through their agent, Pat Lang (Lang), the resident manager of the apartments.

On or about the morning of November 10, 1978 Mr. Razdan called Lang and informed her that the stove and dishwasher in the Razdan apartment needed to be repaired. Lang told Mr. Razdan that a repairman would be sent to their apartment later that same day or on the following Monday. Lang then called the regular repairman for the apartment complex, Johnny Merritts. Upon being unable to contact him at his place of business, she called his home and left a message with his wife. Mrs. Merritts did not relay the message to her husband until 11:30 that evening. Prior to that time, she had informed no one about Lang's request for repair service.

At approximately noon or about on November 10, 1978 Billy Lee Underwood (Underwood) appeared at Lang's office, told her he was Johnny Merritts' brother-in-law and that he had been sent by Merritts to take his service calls. Underwood was, in fact, Merritts' brother-in-law, but he had not been sent by Merritts nor had Merritts ever employed him in any capacity. Underwood did not know if any of the apartments, in fact, needed repairs.

Lang gave the key to the Razdan apartment to Underwood and told him what repairs needed to be made. Upon Underwood's arrival at the Razdan apartment, Mr. Razdan was at home, and when

Underwood knocked at the door, he opened it and upon being told by Underwood that he had been sent by Lang to repair the stove and dishwasher, Mr. Razdan let him in. Underwood went into the kitchen and began working on the stove. Mr. Razdan subsequently returned to work, leaving Underwood in the apartment. Late that afternoon the Razdans returned to their apartment and discovered that certain valuables were missing. Underwood was later apprehended by the police at which time he plead guilty to the theft of the Razdans' property.

The Razdans subsequently instituted the instant action. After discovery, both parties moved for summary judgment. Parzen's and Brown's motion was granted and the Razdans' motion denied. The Razdans appeal.

The Razdans contend that the trial court erred in granting Parzen's and Brown's motion for summary judgment. Parzen and Brown argue that the motion was properly granted on the grounds that the Razdans' damages, if any, were caused by the Razdans' own negligence or by the intervening criminal act of a third party over which they had no control. It is the Razdans' position that each of these contentions present issues of material fact which preclude the grant of summary judgment. We agree and, accordingly, reverse.

"Generally, where there has intervened between the defendant's negligence and the injury an independent, illegal act of a third person producing the injury, and without which it would not have occurred, such independent criminal act should be treated as the proximate cause, insulating and excluding the negligence of the defendant." *Warner v. Arnold,* 133 Ga. App. 174 (2) (210 SE2d 350) (1974). "However, the above rule has been held inapplicable if the defendant (original wrongdoer) had reasonable grounds for apprehending that such criminal act would be committed." *Warner v. Arnold,* supra at 177. "The portion of the general rule of Georgia stated previously, 'If the defendant had reasonable grounds for apprehending that such . . . act would be committed,' is equivalent to the phrase, 'if the criminal act was reasonably foreseeable' . . ." *Munford v. Lay,* 134 Ga. App. 642, 644 (216 SE2d 123) (1975) (overruled on other grounds at 235 Ga. 340). "An event is not regarded as being foreseeable if it is one in the nature of an extraordinary coincidence, or a conjunction of circumstances or which would not occur save under exceptional circumstances; if it is *unusual or unlikely to happen,* or if it is a *rare event* in experience, or if *other and contingent experiences preponderate largely* in causing the injurious effect." *Standard Oil Co. v. Harris,* 120 Ga. App. 768, 774 (172 SE2d 344) (1969).

Applying these principles to the instant case, we cannot say, as a matter of law, that the theft of the Razdans' property was reasonably

foreseeable. Consequently, due to the immediacy of the connection between Lang's encounter with Underwood and the theft, the trial court improperly held that Parzen and Brown were insulated from liability as a matter of law. The question of foreseeability and intervening causation should have been submitted to the jury. *Warner v. Arnold,* supra. Furthermore, construing the facts in a light most favorable to the Razdans, the question of any negligence on their part should have been submitted to the jury. *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (1) (126 SE2d 442) (1968); *Jenkins v. Lampkin,* 145 Ga. App. 746 (1) (244 SE2d 895) (1978).

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 20, 1981 —
REHEARING DENIED MARCH 11, 1981 —

*Brij M. Kapoor,* for appellants.
*George E. Duncan, Jr.,* for appellees.