## 65821. ROSINEK v. COX ENTERPRISES, INC. d/b/a THE ATLANTA CONSTITUTION.

DEEN, Presiding Judge.

This is an action by the appellant to recover actual and punitive damages for appellee's negligence in delivering newspapers to her home while she was out of town, resulting in an accumulation of papers which allegedly increased the risk of burglary of her home. The appeal is from the grant of summary judgment for appellee.

Because of a death in her family, appellant was out of town from April 8, 1981, until April 19, 1981. She took several measures to create the appearance that someone remained at home, including the utilization of a light timer in the living room and leaving on a plant light. However, she failed either to instruct appellee to withhold delivery of her weekend newspaper subscription or to arrange for someone to pick up the newspapers. On April 19, 1981, before appellant returned, her home was burglarized; and property valued at $3,472 was stolen.

Appellee asserted that on April 6, 1981, it had sent a letter to appellant informing her that in addition to her weekend subscription, she would receive a complimentary 8-week daily subscription, beginning on that same date. Appellant maintained that she had received neither the letter nor the daily paper prior to her departure on April 8, 1981.

Approximately 10 newspapers, at least two of which were weekend papers, accumulated on appellant's yard prior to her return. Deposition testimony of a crime prevention specialist indicated that an accumulation of newspapers on a yard increases substantially the

risk of burglary. *Held:*

To state a cause of action for negligence, there must be a legally attributable causal connection between the defendant's conduct and the alleged injury. *Bradley Center v. Wessner,* 250 Ga. 199 (296 SE2d 693) (1982); *Lee Street Auto Sales v. Warren,* 102 Ga. App. 345 (116 SE2d 243) (1960). In granting summary judgment for the appellee, the trial court apparently concluded that, as a matter of law, the burglary of appellant's home was an independent intervening criminal act of a third party and therefore that the appellee's conduct could not have been the proximate cause of the injury.

Generally, an intervening criminal act of a third party, without which the injury would not have occurred, will be treated as the proximate cause of the injury, thus superseding any negligence of the defendant; however, if the criminal act was a reasonably foreseeable consequence of the defendant's conduct, the causal connection between that conduct and the injury is not broken. *Razdan v. Parzen,* 157 Ga. App. 848 (278 SE2d 687) (1981); *Warner v. Arnold,* 133 Ga. App. 174 (210 SE2d 350) (1974). Ordinarily, such questions of negligence and proximate cause are reserved for jury resolution, and the court may not resolve them except in plain and indisputable cases. *Williams v. Kennedy,* 240 Ga. 163 (240 SE2d 51) (1977); *Warner v. Arnold,* supra.

In this case appellant asserts that the appellee, by creating the accumulation of newspapers on her lawn, so increased the risk of burglary of her home that it should be liable for the damages caused by burglary. There was evidence that an accumulation of newspapers on a lawn is a common indication that a home is vacant, thereby increasing the risk of burglary. In the fact situation obtaining in this case, however, the accumulation of weekend papers alone might have been sufficient to alert a would-be-burglar to the possibility that the house was unoccupied and therefore an easy mark. Thus where the homeowner had made no arrangement for the weekend newspapers to be picked up, the burglary might have taken place, even had the additional newspapers not been left in the yard. Indeed, it might have taken place even if there had been no newspapers in the yard at all.

Moreover, since appellant had expressly agreed that weekend newspapers could be left on her lawn, it would not be unreasonable for appellee to believe that it would be permissible to leave complimentary daily newspapers on the lawn, also. We do not believe, absent any notice to appellee that the house would be unoccupied and that the newspapers would not be picked up, that it was reasonably foreseeable that a burglary would occur. The trial court did not err in holding that the criminal act of burglary was an independent

intervening cause, and that leaving the papers in the yard was not the proximate cause of the injury.

*Judgment affirmed. Shulman, C. J., Quillian, P. J., McMurray, P. J., Birdsong, Carley and Sognier, JJ., concur. Banke and Pope, JJ., dissent.*

DECIDED MAY 12, 1983 —
REHEARING DENIED MAY 20, 1983 —

*Stanley M. Lefco,* for appellant.
*Michael T. Bennett,* for appellee.

BANKE, Judge, dissenting.

I concur with the legal principles applied by the majority in this case. However, I disagree with the majority's conclusion that this is a "plain and indisputable" case where the court may adjudicate the issues of negligence and proximate cause.

The only evidence of record regarding any correlation between accumulated newspapers and the likelihood of burglary is the deposition testimony of a crime prevention specialist, who opined that an accumulation of three or more newspapers would likely indicate to a burglar that no one was at home and thus increase the risk of burglary. The obvious corollary is that fewer papers on the lawn would not increase the normal risk of burglary. Nevertheless, the majority concludes, as a matter of law, that the accumulation of at most two weekend papers so increased the risk of burglary as to sever any causal connection between the appellee's continuing, unsolicited deliveries and the criminal act. It may be that a jury would not accept the experienced opinion of the crime prevention specialist, but that testimony certainly presented a genuine issue of material fact as to the existence of a causal relationship between the appellee's conduct and the burglary, and the trial court improperly invaded the province of the jury by granting summary judgment. The appellant's failure to stop the weekend deliveries at most raises an issue of contributory negligence for the jury to resolve.

I also find unwarranted the majority's conclusion that the burglary was not reasonably foreseeable absent notice to the appellee that the house would be unoccupied. The crux of the appellant's complaint is that at some point the appellee, like the burglar, had noticed by the accumulation of newspapers that no one was at home. Whether the burglary was a reasonably foreseeable consequence of the appellee's conduct and whether the appellant was contributorily

negligent were jury questions, and inappropriate for summary adjudication. Consequently, I would reverse the grant of summary judgment.

I am authorized to state that Judge Pope joins in this dissent.