In the Matter of the PATERNITY OF
Melissa Sue GREGORY,

David WALDO, Respondent-Appellant,

v.

Melissa Sue GREGORY by Next Friend:
Vivian Ann GREGORY, Vivian Ann
Gregory, Indiana State Department of
Public Welfare, Petitioners-Appellees.

No. 2–384A71.

Court of Appeals of Indiana,
First District.

Oct. 18, 1984.

John R. Cromer, Ronald G. McLean, Indianapolis, for respondent-appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

RATLIFF, Judge.

David Waldo appeals a judgment entered in a paternity action following trial by court finding him to be the father of Melissa Sue Gregory. We affirm.

The only issue raised by Waldo is whether the trial judge erred in admitting into evidence the results of certain blood tests over his objection that the tests were not performed by a qualified expert approved by the court.

In this case, the petitioner sought and obtained a court order for blood antigen testing pursuant to Indiana Code section 31–6–6.1–8. The version of the statute in effect at the time of the petition provided:

"(a) Upon the motion of any party, the court shall order all of the parties to the action to undergo blood antigen testing. The tests shall be performed by a qualified expert approved by the court. (b) The results of the tests, together with the finding of the expert, constitute conclusive evidence if the results and finding exclude a party as the biological father of the child. The results and findings are admissible in all paternity proceedings, unless the court excludes the results or findings for good cause." [1]

The petition and order merely required the parties and the child to appear at "Riley Children's Hospital, Room 129, Research Wing, 1100 West Michigan Street, Indianapolis, Indiana ..." Record at 50–51. Waldo contends that because the trial court did not make a pre-trial finding that Dr. Michael Conneally, the witness called at trial to testify as to the tests, was a qualified expert approved by the court, that his testimony was inadmissible. We do not read the statutory provision so narrowly.

The obvious purpose of the language "by a qualified expert approved by the court" is to assure that the person who performed and interpreted the tests was qualified to do so.

Here, Dr. Conneally's testimony revealed that he holds a doctorate in genetics and statistics, is a professor of medical genetics and neurology at the Indiana University Medical Center, has been affiliated with Riley Hospital for nineteen years, is the director of the blood testing laboratory there, and has been performing and interpreting red cell antigen tests there for a number of years. One of the purposes of such tests is to determine paternity. Doctor Conneally further testified that the blood was drawn and the tests performed by persons working under his control and that he interpreted the test results.

In order for a witness to qualify as an expert, the subject of the inference must be so distinctly related to some science, profession, business, or occupation as to be beyond the ken of laymen, and the witness must have sufficient skill, knowledge, or experience in that field so as to make it appear that his opinion or inference will aid the trier in his search for the truth. *Senco Products, Inc. v. Riley,* (1982) Ind.App., 434 N.E.2d 561; *State v. Maudlin,* (1981) Ind.App., 416 N.E.2d 477, *trans. denied.* It is for the trial court to determine whether the witness exhibits such a degree of knowledge as to make it appear that his opinion is of some value. *Maudlin.* The question of an expert's qualification is for the trial judge to determine. *Davis v. Schneider,* (1979) Ind.App., 395 N.E.2d 283. Further, an expert may give his opinion based upon tests not performed by him but by technicians under his direction. *Rosenbalm v. Winski,* (1975) 165 Ind.App. 378, 332 N.E.2d 249, *trans. denied.*

---

1. For current version see West's A.I.C. § 31–6–6.1–8 (1984–85 cumulative annual pocket part).

The crucial concern under the statute here involved is that before the test results are admitted in evidence and before any testimony is received concerning the test results that it be established to the satisfaction of the trial court that such tests were performed and interpreted by a qualified expert.

That concern was met here as the evidence clearly was sufficient to establish Dr. Conneally as a qualified expert in the scientific field involved. That the trial court found the expert qualified and allowed his testimony renders the expert a "qualified expert approved by the court."

For the reasons stated, the evidence to which Waldo objects was properly admitted.

NEAL, P.J., and ROBERTSON, J., concur.