## DEPARTMENT OF HUMAN SERVICES

v.

## Andrew JACKSON.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 1, 1989.

Decided Jan. 11, 1990.

Deanna Staples, Asst. Atty. Gen., Dept. of Human Services, Bangor, Brian Swales, Houlton, for plaintiff.

William Smith, Van Buren, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

ROBERTS, Justice.

The single issue presented in this paternity action is whether the evidence was sufficient to warrant imposing on the putative father the burden of proving non-paternity by clear and convincing evidence pursuant to 19 M.R.S.A. § 280–A (Supp. 1989). Contrary to the contention of the defendant, Andrew Jackson, we conclude that the court correctly instructed the jury as to his burden of proof. Accordingly, we affirm the judgment of paternity entered in the Superior Court (Aroostook County, *Pierson, J.*).

On behalf of the mother, the Department of Human Services filed a complaint seeking to establish Jackson as the natural father of her child. The court granted the department's request that the mother, the child and Jackson submit to blood testing pursuant to 19 M.R.S.A. § 277 (1981 & Supp.1989). The court appointed four expert blood type examiners from Roche Biomedical Laboratories (Roche), one of whom was to analyze the parties' blood samples. *See* 19 M.R.S.A. § 278 (1981 & Supp.1989). Although the tests were performed at Roche, the final report was prepared by a different expert than any of those named in the court's order. The report revealed a 98.15% probability of paternity, thus creating a presumption of paternity pursuant to 19 M.R.S.A. § 280(1)(D) (Supp.1989).

Section 280(1)(D) creates a rebuttable presumption that the alleged father is the father of the child when tests reveal a probability of paternity of 97% or higher based on blood and tissue tests. The presumed father then has the burden of proving non-paternity by clear and convincing evidence, 19 M.R.S.A. § 280–A. *See Commissioner of the Dep't. of Human Services v. Massey*, 537 A.2d 1158, 1159 (Me. 1988). Jackson argues that the evidence was not in compliance with statutory re-

quirements in two respects. First, the blood tests were not performed by the experts who were appointed by the court as required by section 278. Second, the blood tests were not performed by the expert who testified at trial. Jackson does not challenge the admissibility of the test results. Rather, he contends that strict compliance with the statutory procedure is an essential prerequisite to the application of the burden of proof imposed on him pursuant to section 280–A. We disagree.

Jackson has not demonstrated that the deviation from the literal terms of the statute had any adverse impact on the reliability of the test results. On the contrary, the trial court ruled, and we agree, that Dr. Harris was a competent witness to describe the procedures employed by Roche in performing the blood analysis and to express his expert conclusion of a 98.15% probability of paternity. *See Dep't. of Human Services v. Thibeault*, 561 A.2d 486 (Me.1989) (Dr. Harris properly permitted to testify on the basis of a report prepared by different examiner).

The issue is whether competent evidence establishing a probability of paternity of 98% or higher is nevertheless inadequate to shift the burden of proof pursuant to section 280–A merely because the analysis was performed by a person not identified by name in the court's order. We think not. The requirement that experts be appointed by the court contained in section 278 provides assurance that blood or tissue typing tests will be performed by qualified examiners. *Cf. Paternity of Gregory*, 469 N.E.2d 480, 481 (Ind.Ct.App.1984) (statutory provision that "qualified expert [be] approved by the court" required only that the person be qualified). The trial court could properly conclude that performance of the test by qualified persons at the laboratory identified in the court's order was sufficient compliance with that order. Moreover, in the absence of any basis for questioning the reliability of the test results, we conclude that those results are sufficient to warrant the application of section 280–A.

The entry is:

Judgment affirmed.

All concurring.