In re the PATERNITY OF Carmen Alyssa BRATCHER.

Kurt D. HUDSON, Respondent–Appellant,

v.

Lisa A. BRATCHER, Petitioner–Appellee.

No. 61A01–8908–CV–328.

Court of Appeals of Indiana, First District.

March 27, 1990.

Joseph R. Buser, Gregory H. Miller, Wernle, Ristine & Ayers, Crawfordsville, for respondent-appellant.

Jessie A. Cook, Trueblood, Harmon, Carter & Cook, Terre Haute, for petitioner-appellee.

BAKER, Judge.

Respondent-appellant, Kurt Hudson (Hudson), appeals the trial court's judgment that he is the natural father of petitioner-appellee, Lisa Bratcher's (Bratcher), second child, C.B., and the trial court's award of child support and attorney fees to Bratcher. We affirm.

The facts most favorable to the judgment reveal Bratcher and Hudson cohabited from mid-July to mid-November of 1986. During their co-habitation, they had sexual intercourse with varying frequency and never used any form of contraception other than withdrawal. Bratcher began having symptoms of morning sickness in the late summer. She took a home pregnancy test and reported the positive results to Hudson. Two to four weeks later, Bratcher visited her physician who confirmed that she was pregnant. She discussed her physician's report with Hudson. On October 16, 1986, Bratcher, accompanied by Hudson, announced to her family that she was pregnant. At no time prior to moving out of Bratcher's residence in mid-November did Hudson verbally acknowledge or deny paternity. Hudson does not suggest Bratcher had sexual intercourse with anyone other than him during their cohabitation. Bratcher gave birth to a daughter, C.B., on June 3, 1987, and filed her petition to establish paternity on September 10, 1987.

On Hudson's motion, the court ordered blood tests be taken on the three parties. The test results excluded Hudson as the child's father. After a summary judgment hearing, the court ordered additional blood tests to be taken. The results of these tests showed an 86.67 percent probability that Hudson is C.B.'s father. These two separate sets of tests present us with our first issue for review.

Hudson argues a trial court in a paternity suit cannot, as a matter of law, order more than one set of blood tests to establish paternity when the first set excludes a party as the father of the child whose paternity the suit seeks to establish. Hudson asserts IND.CODE 31–6–6.1–8 precludes more than one set of tests. IND. CODE 31–6–6.1–8(a) and (b) provide:

(a) Upon the motion of any party, the court shall order all of the parties to the action to undergo blood testing. The tests shall be performed by a qualified expert approved by the court.

(b) The results of the tests, together with the finding of the expert constitute conclusive evidence if the results and finding exclude a party as the biological father of the child. The results and finding are admissible in all paternity proceedings, unless the court excludes the results or finding for good cause.

Hudson's argument here takes two tacks. First, he argues the phrase "conclusive evidence" precludes the trial court

from ordering additional tests. We disagree. Nowhere does the statute say the first series of tests has preclusive effect. On the contrary, the statute is worded broadly and contains no facial limitations on the number of tests allowed. Moreover, the word "evidence" implies a trial and the admission of evidentiary matters before the trier of fact. "Evidence is that which tends to produce conviction in the mind as to the existence of a fact, and the existence of any fact relative to the issue may be proved." *Magazine v. Shull* (1945), 116 Ind.App. 79, 85, 60 N.E.2d 611, 613 (citations omitted). Facts relevant to a cause's legal issues are, of course, proved in court, not out of court. Hudson's proposition misinterprets the meaning of "evidence."

The legislature has determined this type of blood test is of sufficient scientific reliability as a general rule to satisfy the test of *Frye v. United States* (1923), D.C.Cir., 293 F. 1013. Nonetheless, "a proper foundation for the specific test in question must still be established *before those results are admissible into evidence.*" *Baker v. Wagers* (1985), Ind.App., 472 N.E.2d 218, 219 n. 1, *trans. denied* (emphasis added) (citing *In re Paternity of Gregory* (1984), Ind. App., 469 N.E.2d 480).[1] Without a proper foundation wrong results of poorly administered or otherwise improper tests could be admitted. Such an outcome is not within the ambit of the statute. The trial court was within its discretion to order additional tests.

■ Second, Hudson argues he was entitled to summary judgment on the strength of the first test results.[2] A summary judgment under Ind. Trial Rule 56(C) is proper only "if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, ... together with any testimony show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The movant bears the burden of proving the absence of any issue of material fact and all reasonable inferences must be resolved in favor of the non-movant. *Kidd v. Davis* (1985), Ind.App., 485 N.E.2d 156. On review, we apply the same standard as the trial court. *Ogden Estate v. Decatur County Hosp.* (1987), Ind.App., 509 N.E.2d 901, *trans. denied.*

In response to Hudson's motion, Bratcher submitted an affidavit attesting to the parties' cohabitation at the time of C.B.'s conception and to her sexual intercourse with only Hudson during that period. Given that the foundational requirements for the admission of the blood tests had not yet been met, Bratcher's affidavit created a genuine issue of material fact which the trial court properly resolved in her favor.

■ Hudson next challenges the sufficiency of the evidence on which the trial court based its judgment of paternity. On review, we neither reweigh the evidence nor judge the credibility of witnesses. We look only to the evidence most favorable to the judgment and the reasonable inferences to be drawn therefrom. *Center Management Corp. v. Bowman* (1988), Ind.App. 526 N.E.2d 228, *trans. denied.*

Here, the testimony of both Hudson and Bratcher revealed their cohabitation and sexual intercourse before and after the time of C.B.'s conception. Moreover, Bratcher had two pregnancy tests, the positive results of which she discussed with Hudson. Hudson accompanied Bratcher to an anniversary party for Bratcher's parents and held her hand as she announced her pregnancy. The trial court also received the results of both blood tests and the corroborating findings of the expert witness who supervised the tests. The expert testified that while the first test excluded Hudson as C.B.'s father, the second

---

1. Hudson also argues here that retesting was tantamount to exclusion of the first test results without the "good cause" of IND.CODE 31–6–6.-1–8(b). The results of both tests were admitted on Hudson's motion, *Record* at 151–162, and this argument is without merit.

2. Hudson moved for dismissal with prejudice or alternatively, for summary judgment. Because Hudson relied on matters outside the pleadings, the trial court treated the motion as one for summary judgment. The record does contain a dismissal with prejudice, but given the subsequent conduct of the court and the parties, this was mere scrivener's error.

test did not. He also testified that to ensure quality control, each test was performed with reagents from a different manufacturer. *Record* at 158. It was for the judge as trier of fact to analyze all the evidence, including the conflicting blood test results and we are satisfied his result was based on sufficient evidence. There was no error.

■ Hudson also challenges the trial court's award of attorney fees to Bratcher. He bases this challenge on the absence of evidence of both the time Bratcher's counsel spent on the case and of the reasonableness of her fee. *In re Lockyear* (1974), 261 Ind. 448, 305 N.E.2d 440 "permits the trial court to take judicial notice of reasonable attorney fees [in] routine cases involving relatively small amounts." *Kahn v. Cundiff* (1989), Ind.App., 533 N.E.2d 164, 172.

Here, Bratcher's lawyer filed the original petition, an affidavit for additional blood testing, two motions for a hearing, a response to interrogatories, and a response in opposition to Hudson's motion to correct errors. She also participated in both the summary judgment hearing and the final hearing. The trial court awarded $610.00 in fees. The case and the compensation are within the scope of discretion granted by *Lockyear*. The award of attorney fees was proper.

Lastly, Hudson challenges the trial court's award of current and back child support to Bratcher. He relies on this court's holding in *Tarver v. Dix* (1981), Ind.App., 421 N.E.2d 693, that a trial court cannot grant child support without receiving evidence regarding the relevant factors contained in IND.CODE 31-6-6.1-13. These include the financial resources of the custodial parent, the standard of living the child would enjoy if the parents were married, the physical and mental condition of the child and its educational needs, and the financial resources and needs of the non-custodial parent.

Here, the trial court received evidence of the incomes of both Hudson and Bratcher, the fact that both were single custodial parents of children born of prior marriages, and of C.B.'s health. The court received sufficient evidence upon which to base its determination.

■ Alternatively, Hudson argues and Bratcher concedes, that the trial court erred by awarding child support from the date of C.B.'s birth rather than from the time Bratcher filed her petition three months after C.B.'s birth. IND.CODE 31-6-6.1-13(g) provides "[T]he support order must include the period dating from: (1) the birth of the child; or (2) the filing of the paternity action, whichever event occurs later." In a recent opinion, this court held that IND.CODE 31-6-6.1-13(g) did not overrule earlier Indiana case law which allowed back support up to two years prior to the date of the filing of the paternity action. *In re Paternity of R.B.T.; Odulio v. Massie* (1990) Ind.App., 550 N.E.2d 769, discussing *Farmer v. Minor* (1986), Ind. App., 495 N.E.2d 553. Rather, IND.CODE 31-6-6.1-13(g) provides a minimum requirement of back support a trial court must award even absent a request for back support.

We review child support orders only for an abuse of discretion. *Odulio, supra,* at 770 (citing *Farmer, supra,* 495 N.E.2d at 559). Here, the trial court awarded back support from the date of C.B.'s birth. This date was three months before Bratcher filed her petition and well within the two-year period allowed. The trial court was within its discretion.

Judgment affirmed.

RATLIFF, C.J., and HOFFMAN, J., concur.