## 57329. MIXON v. DOBBS HOUSES, INC.

WEBB, Presiding Judge.

In mid-April of 1976, appellant's husband David Mixon informed his shift manager at Dobbs House, Paul Braley, that his wife was pregnant and he might have to leave on a moment's notice if she called to take her to the hospital. Mixon's job was loading food and clearing planes which Dobbs Houses catered for Delta Air Lines, and he had no access to a telephone. Braley indicated his agreement to relay the message. In late May Mixon again told Braley that he would definitely be getting a call any

day from his wife, that he would need immediate notification of such call, and Braley acknowledged and agreed to the request.

On June 7 the appellant Barbara Mixon called the Dobbs House and spoke to the timekeeper Debra Taylor, telling her she had an emergency message for her husband. Ms. Taylor told Mrs. Mixon she would give him the message, and did in fact relay it to Paul Braley. Thirty minutes later Mrs. Mixon called back and asked whether the message had been delivered because her husband, who was ten minutes drive away, had not arrived and she was in labor. Ms. Taylor again relayed the message, this time to Lenny Sample, a supervisor. Mrs. Mixon called a third time, crying and desperate, and was told her husband had been given the message and was on his way home. However, although Braley had gotten the message he had failed to deliver it even though he knew that Mixon was in the kitchen area and could easily have personally delivered it or had it announced over the intercom. Mixon did not receive the message until his shift ended and Ms. Taylor asked him if he had gotten it. By the time he arrived home his wife had already given birth to a baby girl, all alone, unassisted and unmedicated, experiencing total fear and excruciating pain.

Barbara Mixon sued for general damages for the negligence of Dobbs Houses' employees in failing to deliver the emergency message. Dobbs Houses filed a motion for summary judgment, relying primarily on the position that they owed no duty to the appellant, which the trial court granted. We conclude that a jury issue was presented, and reverse.

We cannot agree with the basic premise of Dobbs Houses' sole defense — that there was no relationship contractual or otherwise between itself and Mrs. Mixon, and accordingly no duty owed by it to her.

"Private duties may arise from statute or flow from relations created by contract, express or implied. The violation of any such specific duty, accompanied with damage, shall give a right of action." Code § 105-104. "A charge of negligence carries with it an imputation of knowledge or foresight in the breach of duty charged as distinguished from a mere breach of contract. *Howard v.*

*Jacobs' Pharmacy Co.,* 55 Ga. App. 163 (189 SE 373). Negligence is a failure to perform a duty of diligence toward one entitled thereto, or to use that degree of care which is due another, under the circumstances by the party charged. *Harden v. Georgia R. Co.,* 3 Ga. App. 344 (59 SE 1122); *Powell v. Berry,* 145 Ga. 696 (89 SE 753, LRA 1917A 306); *Harvey v. Bartow County,* 31 Ga. App. 84 (2) (119 SE 538)." *Georgia Electric Co. v. Smith,* 108 Ga. App. 851, 854 (1) (134 SE2d 840) (1964).

" 'In order for a party to be liable as for negligence, it is not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient, if in ordinary prudence he might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might result.' *Williams v. Grier,* 196 Ga. 327, 337 (26 SE2d 698). 'The most common test of negligence is whether the consequences of the alleged wrongful act are reasonably to be foreseen as injurious to others coming within the range of such acts, and what is reasonably to be foreseen is generally a question for the jury. (Citations). The question for the jury is whether danger should have been recognized by common experience, or by the special experience of the alleged wrongdoer, or by a person of ordinary prudence and foresight (citations).' *Thomas v. Williams,* 105 Ga. App. 321, 326 (124 SE2d 409)." *Stuckey's Carriage Inn v. Phillips,* 122 Ga. App. 681, 689 (3) (178 SE2d 543) (1970).

"One who, by a gratuitous promise or other conduct which he should realize will cause another reasonably to rely upon the performance of definite acts of service by him as the other's agent, causes the other to refrain from having such acts done by other available means is subject to a duty to use care to perform such service or, while other means are available, to give notice that he will not perform." Restatement (Second) of Agency § 378 (1958); *Simmerson v. Blanks,* 149 Ga. App. 478 (1979). See also *Bell v. Fitz,* 84 Ga. App. 220 (66 SE2d 108) (1951).

In the instant case, even though the promises made by Braley and Ms. Taylor to deliver Mrs. Mixon's message to her husband may have been gratuitous, once they were undertaken the duty arose to perform under the requisite

standard of care. *Shirley Cloak & Dress Co. v. Arnold,* 92 Ga. App. 885 (3) (90 SE2d 622) (1955). Clearly Mrs. Mixon relied upon the promises to relay her emergency messages, "and it is hornbook tort law that one who undertakes to warn . . . of danger and thereby induces reliance must perform his 'good Samaritan' task in a careful manner." Indian Towing Co. v. United States, 350 U. S. 61, 64 (76 SC 122, 100 LE 48) (1955). Thus a jury issue was presented as to negligence in transmitting the messages, and grant of summary judgment was improper.

*Judgment reversed. Banke and Underwood, JJ., concur.*

ARGUED MARCH 5, 1979 — DECIDED MARCH 13, 1979.

*Charles M. Lipman,* for appellant.
*Freeman & Hawkins, A. Timothy Jones, Michael J. Goldman, Alan F. Herman,* for appellee.