A89A1888. BARNES v. JOHNSON et al.
(390 SE2d 921)

BIRDSONG, Judge.

We granted this interlocutory appeal to review the trial court's denial of Barnes' motion for summary judgment. Johnson sued Carter, the driver of a pickup truck, and Barnes, the owner of the pickup, for damages arising from a collision between the pickup and her car. The complaint alleged Carter caused the damages by driving negligently and while under the influence of alcohol, Carter operated the truck with Barnes' knowledge and consent, and Barnes negligently entrusted the truck to Carter.

Barnes' motion was supported by the pleadings on file, including Johnson's interrogatory answers, and affidavits from Barnes and Kimbile Barnes, her former husband. Barnes' affidavit admitted she owned the truck, but denied she gave Carter permission to repair or drive her truck. Her affidavit stated she knew Carter worked for her husband, but she did not know how or why he drove the truck. Her affidavit also stated she had no knowledge of Carter's driving record or his propensity to drink.

Kimbile Barnes' affidavit stated Carter had worked for him, but was fired before the accident. His affidavit denied that Carter had his permission to drive the truck, and that Carter was in his employ or acting in his behalf in any capacity at the time of the accident. The affidavit stated Kimbile Barnes left the truck at Carter's house because it would not run, but denied he asked or gave Carter permission to repair the truck. Kimbile Barnes also stated he did not give Carter permission to drive the truck after it broke down and he did not know how Carter came to repair and drive the truck.

Johnson's rebuttal to the motion for summary judgment consisted entirely of filing pleadings titled: "Plaintiff's Response to Defendant's Brenda J. Barnes' Motion for Summary Judgment" and "Plaintiff's Statement Of Genuine Issues For Trial." No affidavit, deposition, or other factual material was filed with either pleading. The response, in toto, stated: "COMES NOW the [p]laintiff in the above-described action and for her responses to the Defendant Brenda J. Barnes' Motion for Summary Judgment shows the Court that genuine issues of material fact remain and that summary judgment is not proper and the Defendant Brenda J. Barnes' Motion for Summary Judgment should be denied." The Statement Of Genuine Issues For Trial contended there was no issue Carter was driving the truck or Barnes was the owner of the truck, but there was an issue whether Carter had Barnes' express or implied permission to drive the truck because Barnes admitted the truck was driven by Carter, the truck had been left at Carter's residence, and she knew where the vehicle was.

Finding genuine issues remaining, the trial court denied the motion. *Held*:

1. As a defendant moving for summary judgment, Barnes had to show there were no genuine issues of material fact remaining for trial and she was entitled to judgment as a matter of law. OCGA § 9-11-56 (c). Her burden was to negate one of the essential elements of Johnson's complaint (*Corbitt v. Harris*, 182 Ga. App. 81 (354 SE2d 637)), and to establish, as a matter of law, Johnson could not prevail on any theory of recovery fairly drawn from her pleadings and evidence. *Reed v. Adventist Health Systems &c.*, 181 Ga. App. 750, 752 (353 SE2d 523).

" 'Under the theory of negligent entrustment, "liability is predicated not on the doctrine of respondeat superior but on a negligent act of the owner in lending his automobile to another to drive, with actual knowledge that the driver is incompetent or habitually reckless, and this negligence must concur, as a part of the proximate cause, with the [negligence] of the driver on account of his incompetency and recklessness. (Cits.)" *Saunders v. Vikers*, 116 Ga. App. 733, 735 (158 SE2d 324).' *May v. Phillips*, 157 Ga. App. 630, 631 (2) (278 SE2d 172)." *Young v. Wooldridge*, 187 Ga. App. 661, 663-664 (371 SE2d 100); *Wallace v. ARA Svcs.*, 185 Ga. App. 639, 641 (365 SE2d 461). Of course, neither Barnes' ownership of the truck (*Young v. Wooldridge*, supra; *Finnocchio v. Lunsford*, 129 Ga. App. 694 (201 SE2d 1)), nor Carter having permission to use the truck would provide a basis for imposition of liability on Barnes. *Wallace v. ARA Svcs.*, supra.

Barnes' specific denial that she knew of Carter's driving record or propensity to drive while intoxicated negated an essential element of

the negligent entrustment theory. See *Wallace v. ARA Svcs.*, supra; *Saunders v. Vikers*, supra. Accordingly, Barnes' motion pierced Johnson's pleadings (*Waldrep v. Goodwin*, 230 Ga. 1, 2 (195 SE2d 432)), and Johnson was required to set forth specific facts showing there was a genuine issue for trial or summary judgment would be entered against her. OCGA § 9-11-56 (e); *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 604 (203 SE2d 173). She could have done this by showing Barnes had actual knowledge of Carter's propensity to drive while intoxicated or facts from which such knowledge could be inferred. *Saunders v. Vikers*, supra. Johnson did neither. Further, there are no facts in the record from which one could infer that Barnes had such knowledge. Although Carter's earlier employment by Kimbile Barnes and his driving the truck might create an inference he had permission to drive the truck, these facts do not create an inference that Barnes had actual knowledge of Carter's driving record or his propensity to drive while intoxicated. Therefore, giving Johnson the benefit of all reasonable doubts and construing the evidence and all inferences and conclusions arising therefrom in her favor (*Peterson v. Liberty Mut. Ins. Co.*, 188 Ga. App. 420, 422 (373 SE2d 515)), she failed to carry her burden.

2. We also have considered whether Johnson could recover from Barnes under any other theory of liability which might be fairly drawn from the pleadings and evidence and we find that she could not. The only other reasonable theory would be the doctrine of respondeat superior, which of course, was not alleged in the complaint. The evidence, however, does not prove, or create an inference, that Carter was engaged in Barnes' business or was acting within the scope of his employment at the time of the accident. Moreover, any inferences that might have been drawn could not overcome the specific statements in the affidavits that at the time of the accident Carter was not employed by Kimbile Barnes and was not acting on his behalf in any capacity. See *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, 779-781 (257 SE2d 186). (Moreover, this analysis gratuitously gives Johnson the benefit of construing the evidence to warrant the inference that Carter at one time was also Barnes' agent or employee despite the statement in Barnes' affidavit that she only knew that Carter worked for her former husband.)

Therefore, since the affidavits also negated an essential element for recovery under the doctrine of respondeat superior (see *Sparks v. Buffalo Cab Co.*, 113 Ga. App. 528, 530 (148 SE2d 919)) to which Johnson did not respond, Barnes was entitled to judgment as a matter of law on all theories of recovery fairly drawn from the pleadings. Accordingly, the trial court erred by denying the motion.

*Judgment reversed with direction that the trial court enter judgment for Barnes. Deen, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 20, 1990.

*McLain & Merritt, Williams S. Sutton,* for appellant.
*Bagby & Bagby, Lee H. Henley, Jr.,* for appellees.