A92A1366. ASHLEY et al. v. BALCOR PROPERTY
MANAGEMENT, INC. et al.
(423 SE2d 14)

McMURRAY, Presiding Judge.

The 14 plaintiffs in this negligence action were tenants of an apartment complex owned and managed by defendant Balcor Property Management, Inc. and its resident manager, defendant Tiffany, who suffered a property loss when their apartments were destroyed by a fire. The fire at issue occurred on November 14, 1988. Three or four days prior thereto, defendants were informed of children playing with matches in the stairwell of Building 2624, the building which was the site of the later fire. These were the same children who on November 14, 1988, started the fire which caused the damage at issue.

The complaint alleged that defendants were negligent in failing to keep the premises safe from fire. Plaintiffs appeal from the grant of summary judgment in favor of defendants. *Held*:

After receiving the complaint concerning children playing with matches on November 10 or 11, 1988, defendant Tiffany went to Building 2624 to investigate. Defendant Tiffany states in his affidavit that he "did not see any boys in the area, nor did I smell anything in the western stairwell or entranceway of building 2624 or see any evidence of damage caused by any fire. Nothing in my investigation of the scene led me to believe that the complaint involved anything more than kids being kids and playing with matches." This affidavit recites that the defendants' leasing office receives numerous complaints concerning nuisances on the property, that a personal response is made as to each complaint, and that the one complaint of boys playing with matches did not cause him to anticipate that three juveniles would commit arson causing fire, smoke, and water damage.

Under OCGA § 51-3-1, a landlord is required to exercise ordinary care in keeping the premises safe. However, since one is not ordinarily charged with a duty of anticipating acts mala per se, a landlord, even a negligent landlord, is not generally liable for damages sustained by a tenant due to the criminal conduct of third persons. Usually, the landlord would be insulated from liability by the intervention of an illegal act which is the proximate cause of the injury. An exception to the general rule is applicable where the landlord had reasonable grounds for apprehending that such a criminal act would be committed. However, there must be a substantial similarity between the prior criminal acts and the criminal act giving rise to a tenant's claim. *Metropolitan Atlanta Rapid Transit Auth. v. Allen,* 188 Ga. App.

902, 903 (1) (374 SE2d 761); *McCoy v. Gay*, 165 Ga. App. 590, 591 (302 SE2d 130); *McClendon v. C & S Nat. Bank*, 155 Ga. App. 755, 756 (272 SE2d 592).

In arguing that they had no reason to apprehend the act of arson which began the fire in issue, the defendants place great reliance upon the affidavit of defendant Tiffany. Since it is uncontroverted that there was only the single incident which may have given defendants contemporaneous warning of the danger of arson, a substantial portion of the parties' argument is given over to the significance of that incident. Defendant Tiffany stated that upon investigating he found no damage to suggest that the playing with matches incident of November 10 or 11, 1988, presented any threat to the safety of the premises. However, defendant Tiffany's affidavit is directly controverted on the issue of whether there was visible damage in the stairwell of Building 2624 following the playing with matches incident. Plaintiffs' evidence is that at the time of that incident there was smoke and there were several large, severe burns on the carpet and baseboard. Plaintiffs' evidence, including photographs, may be viewed as showing that several significant attempts were made to ignite a fire in the stairwell. The evidence is sufficient to present a triable issue as to whether there was damage in the stairwell which should have placed defendants in apprehension of danger of arson to the premises.

At least a jury question is presented as to whether defendants exercised ordinary care in response to any threat of arson. Since defendants did not acknowledge the threat, there was no response to the danger of arson other than the defendants' continuation of routine security arrangements, the exact nature of which is in dispute but which clearly were not focused on preventing arson. The superior court erred in granting defendants' motion for summary judgment.

*Judgment reversed. Sognier, C. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 9, 1992 —
RECONSIDERATION DENIED SEPTEMBER 28, 1992 — 

*Rumsey & Ramsey, Austin L. Ramsey III,* for appellants.
*Smith, Gambrell & Russell, Margaret A. Murphy, David A. Handley,* for appellees.