A93A1308. GAFFORD v. DUNCAN et al.
(436 SE2d 78)

JOHNSON, Judge.

Robert Gafford was employed as a mechanic by Rockdale Pipeline, Inc. Paul Duncan, Rockdale's president and principal owner, allowed Gafford to use a company pickup truck solely for work purposes. One night after work, Gafford used the truck to commit the criminal offense of aggravated assault against his wife, Billie Faye Gafford. The incident began as a high-speed chase, with Gafford repeatedly ramming the truck into the car driven by his wife. Eventually Gafford forced his wife's car into a ditch where it flipped over, landing on its top and injuring her. Robert Gafford was convicted of aggravated assault and sentenced to serve time in prison. Billie Faye Gafford filed a lawsuit against Duncan and Rockdale, alleging, among other things, that they had negligently entrusted the company truck to Gafford. The trial court granted summary judgment to Duncan and

Rockdale on all claims. She appeals, contending only that the court erred in granting summary judgment to Duncan and Rockdale on the negligent entrustment claim.

"Under the theory of negligent entrustment, liability is predicated not on the doctrine of respondeat superior but on a negligent act of the owner in lending his automobile to another to drive, with actual knowledge that the driver is incompetent or habitually reckless, *and this negligence must concur, as a part of the proximate cause*, with the (negligence) of the driver on account of his incompetency and recklessness." (Emphasis supplied; citations and punctuation omitted.) *Barnes v. Johnson*, 194 Ga. App. 568, 569 (1) (390 SE2d 921) (1990); *Young v. Wooldridge*, 187 Ga. App. 661, 663-664 (2) (371 SE2d 100) (1988). For purposes of this appeal, even if we assume, without deciding, that Duncan and Rockdale acted negligently in allowing Robert Gafford to drive the company vehicle, Billie Faye Gafford's claim of negligent entrustment must fail because their negligence was not the proximate cause of her injuries.

"Generally, an independent, intervening criminal act of a third party, without which the injury would not have occurred, will be treated as the proximate cause of the injury and thus superseding any negligence of the defendant; if the intervening criminal act is a reasonably foreseeable consequence of the defendant's negligent conduct, the legal, causal connection between that conduct and injury is not broken. However, one is not ordinarily charged with the duty of anticipating acts mala per se." (Citations and punctuation omitted.) *Hercules, Inc. v. Lewis*, 168 Ga. App. 688, 689 (309 SE2d 865) (1983). Billie Faye Gafford argues that the appellees should have foreseen the intervening criminal acts of her husband because they knew that he had previously driven under the influence of alcohol and had physically abused her. We find this argument unpersuasive. Even if Duncan and Rockdale knew the facts alleged by Billie Faye Gafford, they could only be expected to foresee that Gafford might again drive under the influence of alcohol or abuse his wife. Such knowledge, however, does not impose upon the appellees the duty of anticipating that Gafford would use the company vehicle after working hours for a high-speed chase and to commit an aggravated assault; such criminal use of the pickup truck simply was not a reasonably foreseeable consequence of giving Gafford access to the truck exclusively for work purposes. Robert Gafford's unforeseeable criminal acts were the proximate cause of Billie Faye Gafford's injuries and supersede any negligence of Duncan and Rockdale. The trial court did not err in granting summary judgment to Duncan and Rockdale as to the claim of negligent entrustment.

*Judgment affirmed. McMurray, P. J., concurs. Blackburn, J., concurs specially.*

BLACKBURN, Judge, concurring specially.

I concur with the majority opinion's affirmance of the trial court's grant of summary judgment for the defendants in this case. However, I disapprove of the majority's application of the doctrine of intervening criminal acts of a third party to the theory of negligent entrustment.

The doctrine of independent, intervening criminal acts of a third party as a superseding cause of an injury has never before been applied to cases involving negligent entrustment of motor vehicles in Georgia, and with good reason. Infusion of this doctrine into the law of negligent entrustment is unnecessary; at best, it would duplicate the analysis presently employed in negligent entrustment cases, and at worst, it could confuse the determination of proximate cause.

As noted by the majority, under the theory of negligent entrustment, liability is predicated upon the owner lending his vehicle to another with actual knowledge of the latter's incompetence or habitual recklessness, and that negligent lending must subsequently concur with the driver's incompetence or reckless driving. *Barnes v. Johnson*, 194 Ga. App. 568 (390 SE2d 921) (1990). In the instant case, the only risk associated with Gafford's driving possibly known to the defendants was that of driving under the influence. The defendants' act of providing Gafford with a company car thus in no way "concurred" with his intentional use of the vehicle as a deadly weapon to commit an aggravated assault. For that reason, the trial court properly granted summary judgment for the defendants.

DECIDED SEPTEMBER 22, 1993.

*Strauss & Walker, John T. Strauss*, for appellant.

*Long, Weinberg, Ansley & Wheeler, Earl W. Gunn, John K. Train IV*, for appellees.