## A94A0575. TAYLOR v. DUREN.
(445 SE2d 820)

ANDREWS, Judge.

Taylor was sued by appellee Duren on behalf of her minor son under the theory of negligent entrustment. The son, 15 at the time, was injured while riding in Taylor's truck which was being driven by Scoggins. We granted Taylor's application to appeal the denial of his motion for summary judgment below.

Viewed with all inferences in favor of Duren, opponent of summary judgment, the evidence was that the minor Duren was staying with Taylor's mother while Duren worked on a tobacco farm for the summer. On the evening of the accident, Duren had come home from work and taken a shower when Taylor asked him if he wanted to ride with him. Taylor drove his pickup truck to his girl friend's house,

where Scoggins also lived. While Duren and Taylor were there, Scoggins drank at least one beer, although neither Duren nor Taylor noticed any indication that she was inebriated.

Taylor loaned his truck to Scoggins. He knew she was 18 years old and assumed she had a driver's license, although she did not. Because Taylor and his girl friend were having a disagreement, he suggested that Duren ride with Scoggins, which Duren did. Scoggins drove to her boyfriend's house in another community, approximately a 30-minute drive.

During the 30-minute or so drive to the boyfriend's house, Duren did not notice any problem with Scoggins' driving. He said he would not have gotten in the truck with her if he had noticed any signs of inebriation.

When they got to the boyfriend's house, Scoggins stopped the truck and asked Duren to go and ask her boyfriend if he wanted to break up with her. Duren spoke to the boyfriend, returned to the truck and told Scoggins the boyfriend had said he did want to break up. At that point, Duren said Scoggins had an angry look on her face, floor boarded the truck, began to weave, lost control of the truck, and hit a tree, either intentionally or accidentally.

1. "Under the doctrine of negligent entrustment, a party is liable if he entrusts someone with an instrumentality, with actual knowledge that the person to whom he has entrusted the instrumentality is incompetent by reason of his age or inexperience, or his physical or mental condition, or his known habit of recklessness. [Cits.]" (Footnote omitted.) *Gunn v. Booker*, 259 Ga. 343, 347 (3) (381 SE2d 286) (1989). Here, there was no claim that Scoggins was habitually reckless and reliance was on the fact that she allegedly had no driver's license or was driving under the influence.

Considering only Duren's evidence, there was no evidence put forward that Scoggins was exhibiting any signs of intoxication before she drove off in the truck. Duren affirmatively stated that he would not have gone with Scoggins if she had appeared inebriated and that Scoggins' driving was fine until she discovered her boyfriend wanted to break up. Therefore, there was no basis upon which Taylor could have known that Scoggins was incompetent to drive at the time he entrusted the truck to her, an essential element of negligent entrustment. *Barnes v. Johnson*, 194 Ga. App. 568, 569 (1) (390 SE2d 921) (1990).

Taylor, based on Scoggins' age, assumed she had a driver's license. Here, even assuming that Scoggins was driving without a license, there is nothing to indicate that Taylor had actual knowledge of this. *Worthen v. Whitehead*, 196 Ga. App. 678 (396 SE2d 595) (1990); *Clarke v. Cox*, 197 Ga. App. 83, 84 (1) (397 SE2d 598) (1990). This is also not a situation where, even absent actual knowledge, the

entrustor was under a legal duty to check on a driver's qualifications before entrusting the vehicle to him. Compare *Smith v. Tommy Roberts Trucking Co.*, 209 Ga. App. 826, 828 (3) (435 SE2d 54) (1993).

Further, even had Taylor known she had no license, there was no causal connection shown between any lack of a license and the wreck. *Gafford v. Duncan*, 210 Ga. App. 350, 351 (436 SE2d 78) (1993); *Schofield v. Hertz Corp.*, 201 Ga. App. 830, 832 (3) (412 SE2d 853) (1991).

2. The trial court denied summary judgment on the basis that there were remaining issues of material fact. While there were some factual disputes, they were minor and would not negate summary judgment in this situation. *Willis v. Allen*, 188 Ga. App. 390, 392 (373 SE2d 79) (1988).

*Judgment reversed. Beasley, P. J., and Johnson, J., concur.*

DECIDED JUNE 28, 1994.

*Young, Clyatt, Turner, Thagard & Hoffman, James B. Thagard, H. Pearce Scott*, for appellant.

*Kitchens, Wolfson, Smith & Hannan, B. Miles Hannan*, for appellee.