A94A1907. FIELDSTONE CENTER, INC. v. STANLEY.
(456 SE2d 61)

RUFFIN, Judge.

Fieldstone Center, Inc. ("Fieldstone") filed this interlocutory appeal of the trial court's order denying its motion for summary judgment.

Fieldstone is in the business of selling and installing stone. Fieldstone subcontracted its installation work to one of several masons through its subsidiary, Mason Group, Inc. ("Mason Group"). Under this arrangement, Fieldstone would provide the specifications to a subcontractor, deliver the stone to the project site, and the masonry subcontractors, using their own tools, would install it. While Fieldstone would insure the work was performed according to the specifications, it had no other control over the manner in which the subcontracting mason completed the project.

One masonry subcontractor frequently used by Fieldstone was Norberto Ibarra. While Ibarra generally used his own truck and tools, on rare occasions he used one of Fieldstone's trucks. On one such occasion, when Ibarra was nearing completion of a project and the property was being landscaped, the owner requested that Fieldstone not dump stone at the site. Fieldstone allowed Ibarra to use one of its trucks to deliver the stone to the site and work directly off the back of the truck when installing the stone. While Ibarra was driving to the site in Fieldstone's truck, he was involved in a traffic accident with Alice Stanley. At the time of the accident, Ibarra's driver's license was

suspended. Stanley sued Ibarra and Fieldstone for the injuries she sustained. In her complaint, Stanley alleged Fieldstone was liable both as the employer of Ibarra and because it had negligently entrusted Ibarra with the operation of its truck.

1. In its motion for summary judgment, Fieldstone contended that neither a claim for negligent entrustment or a claim under the theory of respondeat superior could be sustained by the evidence submitted. In support of its motion, Fieldstone filed the affidavit of its president, Brad Poynter. Fieldstone asserts the trial court erred in excluding the affidavit from consideration in its entirety due to a contradiction between the affidavit and Poynter's deposition testimony. We agree.

In his affidavit, Poynter stated that Ibarra contracted with, and was paid by Fieldstone. However, in his deposition, Poynter explained he was mistaken in his affidavit and that Ibarra contracted with, and was paid by the Mason Group. Generally, "a party's self-conflicting testimony is to be construed against him . . . [and] '[t]he burden rests upon the party giving the contradictory testimony to offer a reasonable explanation. . . .' [Cit.]" *Gentile v. Miller, Stevenson &c., Inc.,* 257 Ga. 583 (361 SE2d 383) (1987). "Where a party's explanation for a contradiction is determined to be unreasonable, the trial court must *eliminate* the favorable portions of the contradictory testimony and then take all testimony on motion for summary judgment *as it then stands,* and construe it in favor of the party opposing the motion in determining whether a summary judgment should be granted." (Punctuation omitted.) Id.

In the instant case, even if the trial court found that Poynter did not provide a reasonable explanation for the contradiction and that all the contradictory testimony favored Fieldstone, it erred in striking the *entire* affidavit from consideration. As provided in *Gentile,* the trial court should have eliminated only the favorable portions of the contradictory testimony, then considered the motion with all the remaining testimony as it was then left standing. In this case, since none of the contradictory testimony was necessary to the trial court's consideration of the motion, it is unnecessary to consider which portions of that testimony, if any, were favorable to Fieldstone and therefore should have been eliminated. We simply find the trial court erred in striking Poynter's affidavit in its entirety, thereby precluding consideration of the remaining uncontradicted portions.

2. Fieldstone contends the undisputed facts establish it cannot be liable to Stanley under the theory of negligent entrustment. We agree.

"Under the doctrine of negligent entrustment, a party is liable if he entrusts someone with an instrumentality, with actual knowledge that the person to whom he has entrusted the instrumentality is incompetent by reason of his age or inexperience, or his physical or

mental condition, or his known habit of recklessness." (Citation, punctuation and footnote omitted.) *Taylor v. Duren*, 213 Ga. App. 691, 692 (1) (445 SE2d 820) (1994). In the instant case, Stanley made the naked assertion that Fieldstone had actual knowledge of Ibarra's past driving record, which included a prior conviction for driving under the influence of alcohol, and his license suspension. In support of its motion for summary judgment, Fieldstone presented affidavit and deposition testimony that no such knowledge existed. As stated in Division 1, this testimony should not have been stricken. Fieldstone was under no duty to investigate Ibarra's driving record or whether he was licensed to drive. See *Worthen v. Whitehead*, 196 Ga. App. 678 (396 SE2d 595) (1990). Moreover, after Fieldstone met its burden of showing there was no evidence in the record to support Stanley's claim that it had actual knowledge of Ibarra's driving record, Stanley failed to point to any evidence indicating such actual knowledge existed. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Accordingly, the trial court erred in failing to grant Fieldstone's motion as to Stanley's claim of negligent entrustment.

3. Fieldstone also contends the trial court erred in concluding that a genuine issue of fact remained as to whether, at the time of the accident, Ibarra was its employee or an independent contractor. "Generally, an employer is not responsible under the theory of respondeat superior for the torts of one employed as an independent contractor. [Cit.] An employer-employee relationship exists when the employment agreement gives, or the employer assumes, the right to control the time and manner of executing the work. In an employer-independent contractor relationship, the employer has the right merely to require results in conformity with the employment agreement, and the independent contractor retains the right to perform the work by his own means, method and manner. [Cit.]" *McDaniel v. Peterborough Cablevision, Ltd.*, 206 Ga. App. 437, 438 (425 SE2d 424) (1992). " '[A] person can be an independent contractor in one part of his activity and an employee in another.' [Cits.]" *Moss v. Central of Ga. R. Co.*, 135 Ga. App. 904, 906 (219 SE2d 593) (1975). In the case at bar, while it is undisputed that Ibarra controlled the manner in which the stone was installed, at the time of the accident he was driving Fieldstone's truck to deliver stone to the project site, a job ordinarily performed by Fieldstone employees and regarded as part of Fieldstone's regular operations. Under these circumstances, we believe the trial court correctly held that a genuine issue of material fact remained as to whether Ibarra was an employee at the time of the accident. See *McGuire v. Ford Motor Credit Co.*, 162 Ga. App. 312 (290 SE2d 487) (1982).

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MARCH 1, 1995 —
RECONSIDERATION DENIED MARCH 22, 1995 —

Berlon & Timmel, James T. Perry, for appellant.
Foster & Foster, Larry A. Foster, John A. Kimbell, for appellee.