**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 25, 2014**

# In the Court of Appeals of Georgia

A13A1778. GOINS et al. v. THE FAMILY Y et al.

ANDREWS, Presiding Judge.

James and Jennifer Goins sued The Family YMCA (the Y) after their 16-year-old son Brant collapsed while walking on a treadmill at their facility. Brant died before EMTs arrived and it was later determined that he suffered from a congenital heart disease. The trial court granted the Y's motion for summary judgment on the Goins' claims of negligence and fraud. For reasons that follow, we affirm.

The following facts are undisputed. The Goins brought their son Brant to the Y to get him into shape for baseball season and to lose some weight. Brant began training with Greg Mason, a certified personal trainer, and there was no indication at the time that Brant was not in good physical condition. The Goins do not contend that

there was anything inappropriate in the level or intensity of the workouts suggested by Mason.

On the day in question, Brant had been walking on the treadmill for a short time when he collapsed. An employee who saw him fall, immediately called 911. This employee was trained in CPR, but stated that she did not go over to Brant because there were two "paramedics" with him. One of the two men was a deputy sheriff who had been a first responder for eight years, was trained in advanced CPR, first aid, and also had life saving training in the Marine Corps. The deputy said that he checked for a pulse and saw that Brant was still breathing. The other man who went over to Brant after he collapsed was an EMT who testified that the deputy was with Goins when he went over to see if he could help. He stated that Brant's airway was open and he saw him take a breath, but then Brant appeared to stop breathing. The deputy also testified that he saw Brant take a large breath and then stop breathing. At that point, the deputy and the EMT began CPR. Simultaneously, the ambulance and EMTs arrived on the scene.

The Goins filed this suit, claiming that the Y was negligent in the death of their son because he was under the "personal care" of a YMCA employee who had no CPR or first aid training, in spite of representations made by the fitness center. The Goins

2

also claimed that the YMCA employees stood around and did nothing after Brant collapsed. The complaint alleged that the AED or defibrillator was locked away and not available in case of emergency. There was also a fraud count in which the Goins contended that the YMCA made misrepresentations to them that led them to believe that the Y was a "safe and positive" environment for their son.

The trial court granted the YMCA's motion for summary judgment in a two-sentence order. This appeal followed.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. The burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

*Boller v. Robert W. Woodruff Arts Center,* 311 Ga. App. 693, 693-694 (716 SE2d 713) (2011).

1. The Goins first argue that the trial court erred in finding there was no duty to render first aid to a minor child in the Y's care when false representations had been made to the child's parents. "The essential elements of a negligence claim are the existence of a legal duty; breach of that duty; a causal connection between the defendant's conduct and the plaintiff's injury; and damages. Thus, the threshold issue in a negligence action is whether and to what extent the defendant owes a legal duty to the plaintiff. This issue is a question of law." *Boller* supra at 695–696. In *Boller*, plaintiff "claimed that the Arts Center breached its duty of care to her husband, an invitee, by its failure to have on site either an ambulance or an officer operating an automatic external defibrillator device ("AED") and by its failure to maintain a safety and security plan to govern the actions of employees and security personnel during a medical emergency." Id. at 695. This Court held that

> the long-established general rule is that "[a] person is under no duty to rescue another from a situation of peril which the former has not caused," even when the peril is foreseeable. We conclude that this case is controlled by our decision in *Rasnick v. Krishna Hospitality,* where we held that the defendant innkeeper had no legal duty to comply with a wife's requests that it attempt a rescue of its guest, her husband, from his medical peril. In that case, the defendant did not create the decedent's underlying medical condition. Similarly, in the case at bar,

4

Boller does not allege that the Arts Center or the concert it sponsored caused her husband's sudden attack of cardiac arrest.

Id. at 696.

Nevertheless, the Goins argue that a "special relationship" existed in this case, because the Y assumed a special duty to supervise minor children. The Goins cite to several cases not on point. See, e.g., *Bull Street Church of Christ v. Jensen*, 233 Ga. App. 96 (504 SE2d 1) (1998) (four-year-old victim molested at church); *Wallace v. Boys Club of Albany*, 211 Ga App 534 (439 SE2d 746) (1993) (five-year-old boy abducted from summer camp after employees assured parents that they would watch child and keep track of his whereabouts). Brant Goins was 16 years of age and the only duty undertaken by the Y was to provide him with a personal trainer to help him lose weight. It is undisputed that this is what occurred.[1] There is no merit to this enumeration.

2. Likewise, for the same reasons discussed in Division 1, the trial court did not err in granting summary judgment on appellants' negligence claim. Further, and

---

[1] The Goins claim that when they signed their son up for a personal trainer at the YMCA, Greg Mason was misrepresented to them as a "certified" personal fitness trainer. This argument is puzzling. The undisputed evidence was that Mason *was* a certified personal trainer.

equally important, the Goins can not show a causal connection between Mason's or any other employee's lack of CPR training and Brant Goins' death. The Goins' statement of facts does not refer to the deposition testimony of the deputy sheriff or the EMT. It is undisputed that there was an emergency medical technician and a deputy sheriff trained as a first responder present at the time of Brant's collapse. There would have been no reason for a YMCA employee to interfere with the care being given by the two qualified first responders.

3. Next, the Goins claim that the trial court erred in finding no issues of fact on their fraud claim. The Goins alleged in their complaint that they were told that "THE FAMILY Y was a safe and positive environment." They contend that it was represented to them that there would be adequate well-trained employees on hand at all times and that these employees would have access to life saving equipment and would know how to use it.

"To survive a motion for summary judgment on a fraud count, some evidence must support each of the five elements, which are: a false representation by a defendant; scienter; intention to induce the plaintiff to act or refrain from acting; justifiable reliance by plaintiff; and damage to the plaintiff." *Wertz v. Allen*, 313 Ga. App. 202, 207-208 (721 SE2d 122) (2011).

6

Even assuming that the Goins could establish the other elements of their fraud claim, they can show no damage as the result of this claimed fraud. The EMT and the deputy were clearly the most highly trained people present in administering CPR. Neither called for a defibrillator and both testified that a defibrillator would not be used on someone with a pulse who was still breathing. The Family Y was entitled to summary judgment on this claim and there was no error.

*Judgment affirmed. Dillard and McMillian, JJ., concur.*